James E. Holland, Jr. (AZ #021826)
James D. Camoriano (AZ #034181)
**STINSON LLP**
   Firm Identification Number 00462400
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: james.holland@stinson.com
            james.camoriano @stinson.com
*Attorneys for Plaintiff SeeWriteHear LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SeeWriteHear, L.L.C., an Arizona limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>Marc Thomas and Jane Doe Thomas, husband and wife,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For its Complaint, Plaintiff SeeWriteHear L.L.C. alleges as follows:

**Parties, Jurisdiction, and Venue**

1.  SeeWriteHear LLC is an Arizona limited liability company authorized to do business, and doing business, in Maricopa County, Arizona. The membership of SeeWriteHear is also from Arizona.

2.  Defendant Marc Thomas and Jane Doe Thomas are married. Both at all times relevant to this Complaint and currently, Thomas and Jane Doe Thomas were and are citizens of the state of Texas. All of Thomas's acts referenced in this Complaint were performed in furtherance of, and for the benefit of, the Thomas marital community.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4.  This Court has personal jurisdiction over the parties in this lawsuit.

5.  Venue is proper in this Court pursuant to 28 USC § 1391(b)(2).

**General Allegations**

6.  In July 2021, SeeWriteHear hired Thomas to perform various consulting services as an independent contractor.

7.  Thomas invoiced SeeWriteHear monthly for his services as well as reimbursement of various expenses, including periodic travel from Dallas, Texas to SeeWriteHear's Scottsdale, Arizona facility where he was to perform services.

8.  Thomas boasted about having killed people during his prior military service in front of SeeWriteHear's employees. Thomas made statements that caused SeeWriteHear employees to lodge complaints that he threatened them with death and bodily harm.

9.  As a result of Thomas's comments, several SeeWriteHear employees resigned their positions.

10. In late 2021, Thomas and SeeWriteHear commenced negotiations for Thomas to become a SeeWriteHear executive.

11. During those negotiations, Thomas discussed the possibility of obtaining a profit-share or other interest in SeeWriteHear or its performance.

12. SeeWriteHear never consummated an employment agreement with Thomas, nor did it ever reach an agreement for Thomas to obtain any interest in SeeWriteHear or its performance.

13. At 1:00 a.m. on November 16, 2021, having never consummated an agreement with Thomas regarding his role with or compensation from SeeWriteHear, Thomas resigned from his relationship with SeeWriteHear; SeeWriteHear accepted his resignation later the same morning.

14. Although SeeWriteHear and Thomas never consummated an agreement, Thomas claims a 10% interest in SeeWriteHear (a multi-million-dollar company).

2

15. Moreover, nearly three months after his resignation, Thomas invoiced SeeWriteHear for a total of $70,424.75 in prior consulting services and expenses.

16. The invoiced amount is inflated and an unreasonable measure of Thomas's actual services and expenses.

### Count One
### (Declaratory Judgment)

17. SeeWriteHear incorporates the foregoing allegations as though fully set forth herein.

18. Pursuant to A.R.S. § 12-1831 et seq., a justiciable controversy exists between SeeWriteHear regarding whether and to what extent Thomas possesses an interest in SeeWriteHear.

19. At the time of Thomas's resignation, the parties had not consummated an agreement or otherwise agreed to provide Thomas with any interest in SeeWriteHear.

20. Based on Thomas's comments in the workplace, SeeWriteHear was justified in declining or rescinding any agreement with Thomas.

21. Even if SeeWriteHear and Thomas had consummated the employment agreement, the contract is subject to rescission due to Thomas's failure of consideration by resigning before he even assumed a role for SeeWriteHear.

22. SeeWriteHear is entitled to a judgment that Thomas is not entitled to any interest in SeeWriteHear.

23. Pursuant to A.R.S. § 12-1831 et seq., a justiciable controversy exists between SeeWriteHear regarding SeeWriteHear's obligation to compensate Thomas for the invoiced amount.

24. SeeWriteHear is entitled to a judgment that Thomas's invoiced amount is inflated and an unreasonable measure of Thomas's actual services and expenses.

25. Because this claim arises out of contract, SeeWriteHear is entitled to recover its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

CORE/0838762.0008/172833435.1

## Count Two
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

26. SeeWriteHear incorporates the foregoing allegations as though fully set forth herein.

27. The independent-contractor agreement between SeeWriteHear and Thomas under which Thomas provided services to SeeWriteHear is a binding oral contract.

28. Under that contract and Arizona law, Thomas owes SeeWriteHear a duty of good faith and fair dealing.

29. Under the implied covenant of good faith and fair dealing, Thomas is prohibited from any conduct that would prevent SeeWriteHear from receiving the benefits of its contract.

30. Thomas breached the implied covenant of good faith and fair dealing by making comments in the workplace that caused several SeeWriteHear employees to resign their positions. Thomas also breached by suddenly resigning.

31. Thomas's breach deprived SeeWriteHear of the benefits of its bargain, and SeeWriteHear has been damaged in an amount to be proven at trial.

32. Moreover, Thomas is obligated to indemnify SeeWriteHear for any claims or damages arising from Thomas's conduct.

33. Because this claim arises out of contract, SeeWriteHear is entitled to recover its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01.

## Count Three
### (Interference with Contracts)

34. SeeWriteHear incorporates the foregoing allegations as though fully set forth herein.

35. SeeWriteHear had entered into employment agreements with the employees who resigned as a result of Thomas's comments in the workplace.

36. Thomas was aware of SeeWriteHear's employment agreements with those employees.

37. These employment agreements were valid and enforceable contracts between SeeWriteHear and those employees.

38. By making comments in the workplace that caused the employees to resign, Thomas interfered with SeeWriteHear's contracts with those employees.

39. Thomas's actions and statements constitute a violation of the duty of care that Thomas owed to SeeWriteHear

40. Thomas's conduct was improper as to motive and/or means.

40. As a direct and proximate result of Thomas's conduct, SeeWriteHear has suffered damages in an amount to be proven at trial.

## **Remedies**

SeeWriteHear seeks judgment against Thomas as follows:

A. For orders declaring the parties' rights in SeeWriteHear's favor as described above;

B. For damages in an amount to be determined at trial;

C. For SeeWriteHear's costs, expenses, and attorney's fees incurred herein;

D. For pre- and post-judgment interest; and

E. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of February 2022.

**STINSON LLP**

By: */s/ James D. Camoriano*
James E. Holland, Jr.
James D. Camoriano
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Plaintiff SeeWriteHear, L.L.C.